Pasquale T. D'AMICO, et al.

v.

PROVIDENCE CITY COUNCIL.

No. 93–489–Appeal.

Supreme Court of Rhode Island.

Feb. 8, 1995.

Richard Skolnik, Providence, for plaintiffs.

Richard Riendeau, City of Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument December 13, 1994, pursuant to an order that had directed the defendant, the Providence City Council (council), to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

The council appeals from a judgment of mandamus issued by the Superior Court requiring the council to process the claims of an extensive group of city employees who had been permitted by plaintiff members of the retirement board (board), to purchase credits for retirement purposes upon the basis of prior employment with other entities. Although the council had required its approval for any purchase of service credits, it had not processed these claims for a considerable period of time.

It is undisputed that subsequent to the issuance of the judgment, the council did process the applications for the purchase of service credits, approving some and denying other applications. Moreover, the council has adopted an ordinance that sets standards for applications for the purchase of retirement credits. This ordinance provides that henceforth applications will be made to the city controller pursuant to § 17–188.1 of the Providence Code of Ordinances.

■ In our opinion the processing of the prior applications and the passage of ordinance chapter 1993–28, No. 623, render moot the controversy between the board and the council. It is true that the judgment for mandamus required the council to "process and consider the buy back time for pension purposes pursuant to those standards and criteria in existence prior to August 27." For purposes of this opinion we shall assume the validity of the judgment of mandamus insofar as it required the council to process the applications. We shall not attempt in the framework of this litigation to determine whether the trial justice was correct in pre-

scribing the standards for such processing. We shall vacate the judgment for mandamus as moot without prejudice to any claim for relief that may be raised by an individual who may be aggrieved by the processing of his or her application to buy service credits.

■ We point out that generally, mandamus is an extraordinary remedy that should issue only when the plaintiff has a clear legal right to the performance of the requested act and when the defendant has a ministerial legal duty to perform such act without the exercise of either legislative or judicial discretion. *See, e.g., Buckley v. Affleck,* 493 A.2d 828 (R.I.1985); *Warwick School Committee v. Gibbons,* 122 R.I. 670, 410 A.2d 1354 (1980).

Consequently the defendant's appeal is denied and dismissed as moot subject to the conditions set forth in this opinion, which may be raised only by aggrieved individuals and not by the board.